UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Martin Antonio Solomon,

              Plaintiff,      Case No. 20-10458

v.                                   Judith E. Levy
                                   United States District Judge

Henry Ford Allegiance Health
System, *et al.*,                Mag. Judge Patricia T. Morris

              Defendants.

_____/

**OPINION AND ORDER DENYING MOTION FOR
<u>RECONSIDERATION [16]</u>**

Before the Court is Plaintiff Martin Antonio Solomon's motion to reconsider the Court's March 17, 2020 Order (ECF No. 6) denying Plaintiff's motion for a temporary restraining order. (ECF No. 3.) Because the Plaintiff has not demonstrated that the Court committed a palpable defect, the motion is DENIED.

**BACKGROUND**

On February 21, 2020, Plaintiff Martin Antonio Solomon, a paraplegic state prisoner in custody at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, filed a *pro se* complaint under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. (ECF No. 1.) He sues the Michigan Department of Corrections (MDOC), the Duane Waters Health Center, the Henry Ford Allegiance Health System, and several dozen individuals employed by either MDOC or the Henry Ford Allegiance Health System. Plaintiff alleges that Defendants have deprived him of proper medical care, falsified a mental health diagnosis, and conspired against him to punish him for petitioning the Government for redress of his grievances. (ECF No. 1, PageID.2.)

Alongside his complaint, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 3.) Plaintiff alleged that he is not receiving appropriate medical care. (*Id*. at PageID.188). His primary concerns are that Defendants have (1) refused to perform a surgical procedure that would prevent blood clots in his lungs from reaching his heart, and (2) falsified a mental health diagnosis,

2

which results in him being treated with unnecessary medication. (*Id.* at PageID.182-83, 190).

Plaintiff requested a temporary restraining order and preliminary injunction: (1) ordering surgical intervention to prevent the blood clots on his lung from reaching his heart; (2) prohibiting state officials from destroying security camera footage taken in the Duane Waters Health Center during October 2019; (3) preventing officials from medicating him because of an allegedly false mental health diagnosis; and (4) prohibiting the MDOC defendants from retaliating against him. (*Id.* at PageID.184-186, 190).

On March 17, 2020, the Court denied Plaintiff's motion, finding that Plaintiff had not shown a likelihood of success on the merits of a deliberate indifference claim or that he faced a high risk of irreparable injury absent an injunction. Specifically, the Court found that "[e]xhibits attached to Plaintiff's complaint show he has received regular and thorough medical care" (ECF No. 5, PageID.203), the medication Plaintiff challenged as inadequate—Xarelto—was only used to bridge his treatment to another blood clot medication (*id.* at PageID.205), and that "'a difference of opinion between a prisoner and a physician regarding

treatment of a condition does not support an Eighth Amendment claim.'" *Hill v. Haviland*, 68 F. App'x 603, 604 (6th Cir. 2003)." (*Id.* at PageID.206.) The Court additionally found that Plaintiff did not include specific allegations regarding his claims of forced psychiatric medication, imminent destruction of security cameras, and retaliation to support a finding of irreparable injury. (*Id.* at PageID.208–209.)

On March 21, 2020, Plaintiff filed a motion to alter or amend the Court's judgment, which the Court construes to be a motion for reconsideration. (ECF No. 16.) Plaintiff filed a declaration in support of his motion. (ECF No. 10.) In addition to making a number of allegations regarding COVID-19 and health conditions not addressed in Plaintiff's original motion, Plaintiff now claims that he is no longer taking his blood clot medication, in part because Defendants collectively threatened Plaintiff for filing this lawsuit. (*Id.* at PageID.242; ECF No. 16, PageID.273.) Plaintiff contends that this new allegation shows Defendants' deliberate indifference. (ECF No. 16, PageID.273.)

**LEGAL STANDARD**

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, a movant must "not only demonstrate a

4

palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e), that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

**ANALYSIS**

In Plaintiff's original motion, he claimed that Defendants were deliberately indifference in prescribing him Xarelto for his blood clots. (*See* ECF No. 3, PageID.183 ("Xarelto medication doesn't stop blood clots from reaching the heart.").) Now, Plaintiff makes a new claim: Defendants are deliberately indifferent because they have conspired to deprive Plaintiff of his Xarelto medication. (ECF No. 16, PageID.273.) Although Plaintiff does not address the Court's decision, the Court construes Plaintiff's motion as suggesting that "newly discovered evidence" shows a "palpable defect" in the Court's opinion. *Henderson*, 469 F.3d at 496.

Plaintiff's argument is unsuccessful here. Plaintiff's allegations of conspiracy are conclusory. And as the Court previously found, "Exhibits attached to Plaintiff's complaint show he has received regular and thorough medical care." (ECF No. 5, PageID.203.) "A difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim." *Hill v. Haviland*, 68 F. App'x 603, 604 (6th Cir. 2003). Plaintiffs new allegations do not change this holding. Absent medical evidence showing specific shortcomings in Plaintiff's medical treatment, he cannot succeed on the merits of his

deliberate indifference claim. Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: June 26, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager