UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Martin Antonio Solomon,

     Plaintiff,   Case No. 20-10458

v.           Judith E. Levy
            United States District Judge
Henry Ford Allegiance Health
System, *et al.*,      Mag. Judge Patricia T. Morris

     Defendants.

_____/

## ORDER ADOPTING IN PART THE
## REPORT AND RECOMMENDATION [39]

  Before the Court is Magistrate Judge Patricia T. Morris' Report and Recommendation (R&R) recommending the Court deny Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 17), grant Corizon Defendants'[1] motion for summary judgment (ECF No. 25), and deny Plaintiff's motion to alter or amend judgment (ECF No. 27). (ECF No. 39.) The parties were required to file specific written objections, if

---

[1] Corizon Defendants are David Vigor, M.D.; Rickey Coleman, D.O.; Rashed Bashir, M.D.; Amy Otten, N.P.; David Forsythe, M.D.; and Andrea Poma, N.P. (*See* ECF No. 25.)

any, within fourteen days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). No objections were filed. The Court has nevertheless carefully reviewed the R&R and concurs in the reasoning and result in part. Accordingly, the R&R (ECF No. 39) is ADOPTED IN PART as set forth below.

Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 17) is GRANTED. Plaintiff is ORDERED to file within thirty days of the date of this order an amended complaint of no more than fifteen pages that contains a short and plain list of his claims and specifies which defendant(s) violated the particular right identified in each claim.[2] The Court again warns Plaintiff that "[f]ailure to comply

---

[2] The Court's prior instructions to Plaintiff regarding the filing of an amended complaint continue to apply:

> Plaintiff [must] file an amended complaint of no more than fifteen pages, double-spaced (or, if handwritten, sufficiently spaced) . . . . The amended complaint must contain a short and plain list of Plaintiff's claims. Under each listed claim, Plaintiff shall explain (1) what right was violated, (2) the legal basis for his claim, (3) which defendant or defendants were involved in the alleged violation of that right; (4) what each defendant did to violate his rights, and (5) the date or approximate date of the alleged violation. The Court encourages Plaintiff to write short sentences and, if possible, to use punctuation when explaining his claims.

(ECF No. 6, PageID.217–218.)

2

with this order . . . could result in the dismissal of this case." (ECF No. 6, PageID.218.)

Corizon Defendants' motion for summary judgment (ECF No. 25) is DENIED. Plaintiff's declaration contains specific allegations that are sufficient to create a genuine issue of material fact regarding the availability of administrative remedies (*see* ECF No. 28, PageID.367–369),[3] and Corizon Defendants have not met their burden of proving that

---

[3] *See Hailey v. Washington*, No. 1:17-cv-1067, 2019 WL 4579266, at *5 (W.D. Mich. Apr. 4, 2019) (finding it appropriate to deny the defendants' motion for summary judgment based on a failure to exhaust because the plaintiff's allegations of specific harms—"threats of physical violence, sexual propositions, and threats of sanction—satisfy any reasonable definition of 'intimidation'" and give rise to "a genuine factual dispute whether the prison grievance process was actually available to Plaintiff, [and] Defendants have failed to meet their burden to demonstrate a failure by Plaintiff to properly exhaust his available administrative remedies" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1858–60 (2016)), *R. & R. adopted*, No. 1:17-cv-1067, 2019 WL 4572198 (W.D. Mich. Sept. 20, 2019); *Jackson v. Coronado*, No. 2:18-cv-00019, 2019 WL 5273530, at *3–4 (W.D. Mich. May 30, 2019) (recommending denial of the defendants' summary judgment motion because the plaintiff's affidavit, which alleged that the defendants retaliated against him by placing him in a suicide cell when he was not suicidal and by threatening to sexually assault him and beat him to death, "sets forth facts that are sufficient to create a genuine issue of material fact as to whether administrative remedies were actually available to him"), *R. & R. adopted*, No. 2:18-CV-19, 2019 WL 3886541 (W.D. Mich. Aug. 19, 2019); *Bostrom v. Rowland*, No. 1:15-cv-336, 2016 WL 4257531, at *4 (W.D. Mich. July 20, 2016) (concluding that the plaintiff's alleged harms, which were specific and included physical violence and threats of sanction, "satisfy any reasonable definition of 'intimidation,'" and therefore, "Defendants have failed to meet their burden to demonstrate a failure by Plaintiff to pursue all available administrative remedies" such that summary judgment should be denied (quoting *Ross*, 136 S. Ct. at 1858–60)),

3

Plaintiff failed to exhaust administrative remedies that were actually available to him.[4]

Plaintiff's motion to alter or amend judgment (ECF No. 27) is DENIED.[5]

IT IS SO ORDERED.

Dated: February 26, 2021　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

---

*R. & R. adopted*, No. 1:15-CV-336, 2016 WL 4248146 (W.D. Mich. Aug. 11, 2016); *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 578 (6th Cir. 2014) (vacating the district court's grant of summary judgment based on a failure to exhaust because the plaintiff's specific allegations of "retaliation and intimidation—if proven true—would render the grievance process functionally unavailable for a person of ordinary firmness"), *aff'd and remanded sub nom. Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016).

[4] *See McBee v. Campbell Cnty. Det. Ctr.*, Nos. 17-5481/5943, 2018 WL 2046303, at *4 (6th Cir. Mar. 15, 2018) (stating that when a prisoner "claims that the administrators thwarted her efforts to exhaust[,] the burden to prove that she nonetheless failed to exhaust an 'available' process is on the defendants"; a prisoner's "complaints in this posture may only be dismissed on exhaustion grounds if the defendants present 'proof that they did not interfere with [an inmate's] ability to exhaust [her] administrative remedies'" (quoting *Surles v. Andison*, 678 F.3d 452, 457 (6th Cir. 2012))).

[5] By failing to object to the R&R, the parties have forfeited any further right of appeal. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

4

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
