# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Martin Antonio Solomon,

              Plaintiff,        Case No. 20-10458

v.                                   Judith E. Levy
                                   United States District Judge

Henry Ford Allegiance Health
System, *et al.*,                  Mag. Judge Patricia T. Morris

              Defendants.

_____/

# ORDER DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH A COURT ORDER [41]

Plaintiff Martin Antonio Solomon, appearing *pro se*, filed the complaint in this matter on February 21, 2020. (ECF No. 1.) On March 17, 2020, the Court found Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8(a)(2) and required Plaintiff to file an amended complaint with a more definite statement of Plaintiff's claims as well as identification of which Defendants Plaintiff sought to hold liable for each. (ECF No. 6.) Plaintiff was ordered to submit an amended complaint that met the identified specifications within twenty-one days

of the date of that order. (*Id.* at PageID.217–218.) Additionally, the Court indicated that "[f]ailure to comply with this order . . . could result in the dismissal of this case." (*Id.* at PageID.218.)

On March 21, 2020, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 17.) On December 23, 2020, Magistrate Judge Patricia T. Morris submitted a Report and Recommendation (R&R) recommending, in part, the Court deny Plaintiff's motion for an extension of time. (ECF No. 39.) On February 26, 2021, the Court entered an order adopting the R&R in part. (ECF No. 41.) Plaintiff's motion for an extension of time to file an amended complaint was granted. (*Id.* at PageID.429.) Plaintiff was ordered to file within thirty days of the date of the order an amended complaint that met the Court's prior instructions to Plaintiff. (*Id.*) Plaintiff was warned, once again, that failure to comply with this order could result in dismissal of this case. (*Id.* at PageID.429–430.) Plaintiff did not file an amended complaint within the thirty-day deadline and has not filed an amended complaint as of the date of this order.

Federal Rule of Civil Procedure 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to

2

comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted). "A district court must be given substantial discretion in serving these tasks[.]" *Id.*

There are four factors that a district court considers in dismissing a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737. "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (quoting *Knoll*, 176 F.3d at 363).

3

Here, consideration of the factors outlined in *Schafer* weighs in favor of dismissal. Plaintiff's conduct constitutes a clear record of delay supporting dismissal for failure to prosecute. Plaintiff, who has been otherwise active in this case,[1] has failed to comply with the Court's repeated order to submit an amended complaint. Plaintiff had ample time to file an amended complaint or to demonstrate why Plaintiff needed more time following the Court's February 21, 2021 order. Nevertheless, Plaintiff neglected to pursue his case. This conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Shafer*, 529 F.3d at 739. This factor supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

Further, this Court's February 26, 2021 order accepting the R&R in part put Plaintiff "indisputably on notice" that his complaint faced dismissal were he to not submit an amended complaint in the indicated time period. *See id.* at 740. Plaintiff had thirty days to file and failed to

---

[1] *See, e.g.*, ECF No. 36 (Plaintiff's notice of change of address and contact information); ECF No. 40 (Plaintiff's motion for extension of time to supply additional copies of the complaint).

do so. This "key" factor therefore weighs heavily in favor of failure to prosecute. *See id.*

An additional factor in determining failure to prosecute is whether this Court considered other lesser sanctions before dismissal. However, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is "loathe to require the district court to incant a litany of the available sanctions." *Id.* at 738. In this case, dismissal with prejudice is the first sanction for failing to prosecute, but it is also the appropriate sanction given Plaintiff's ample notice that failure to file an amended complaint would result in dismissal.

Finally, there is no evidence that dismissal of this litigation prejudices Defendants. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Id.* at 739 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, "[n]one of [Defendants'] efforts were necessitated by any lack of cooperation by [Plaintiff][,]" but rather, were

"instead typical steps in the early stages of litigation and are to be expected when one is served with a complaint." *Id.* at 739.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE Plaintiff's complaint.[2]

IT IS SO ORDERED.

Dated: May 3, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2021.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager

---

[2] Defendants filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41 on April 23, 2021. (ECF No. 44.) Because Plaintiff's complaint is dismissed based on Plaintiff's failure to comply with the February 26, 2021 order requiring the filing of an amended complaint, Defendants' motion to dismiss need not be addressed.